# COURT OF APPEALS
## DECISION
## DATED AND FILED

## April 6, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1474-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2017CF1466

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

   V.

MARQUISE L. WALKER,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County:  T. CHRISTOPHER DEE, Judge.  *Affirmed*.

Before Brash, P.J., Dugan and Donald, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Marquise L. Walker appeals the judgment of conviction entered following his no contest and guilty pleas. He also appeals the circuit court's denial of his postconviction motion, without a hearing, in which Walker sought to withdraw his pleas based on the circuit court's misstatement of the maximum term of imprisonment that Walker faced during the plea colloquy. We conclude that the circuit court's misstatement is not a defect in the plea colloquy for which Walker is entitled to a hearing on his motion and, therefore, we affirm.

## BACKGROUND

¶2    On March 28, 2017, the State filed a criminal complaint charging Walker with six counts, including: count one first-degree recklessly endangering safety with use of a dangerous weapon, count two possession of a firearm by a felon, count three possession of a firearm by a felon, count four possession of THC, count five resisting an officer, and count six carrying a concealed weapon, all with the repeat offender enhancer. The complaint provided that Walker faced a maximum term of imprisonment of twenty-three years and six months on count one, a maximum term of imprisonment of fourteen years on each of counts two and three, and a maximum term of imprisonment of two years on each of counts four, five, and six, for a total maximum term of imprisonment of fifty-seven years and six months. The information filed on April 20, 2017, listed the same terms of imprisonment.

¶3    The circuit court held a plea hearing on December 18, 2017. When the case was initially called, Walker was prepared to plead no contest to counts one and two. He was also prepared to plead guilty to the remaining counts, with the charged penalty enhancers. In exchange for Walker's pleas, the State agreed

to recommend a total seven-year term of initial confinement, with the term of extended supervision left to the circuit court's discretion, and a recommendation that Walker's sentence be served consecutively with the revocation sentence that he was currently serving. However, when the circuit court asked Walker if he understood that he faced a minimum of five years of initial confinement on count one, trial counsel interrupted and admitted that she had "ill advised" Walker that he could be sentenced "from zero to the maximum." The circuit court then passed the case to allow Walker to have additional time to discuss his pleas with trial counsel.

¶4      When the court recalled the case later that day, the State advised the circuit court that its original recommendation "remain[ed] in effect" and "[t]he only change" was that the State would dismiss the repeat offender enhancer for count one. Walker subsequently pled no contest to counts one and two and guilty to the remaining counts three through six. During the plea colloquy, the circuit court informed Walker of the maximum terms of imprisonment that Walker faced. As is relevant here, the circuit court stated the maximum terms of imprisonment on counts four, five, and six, and the total maximum term of imprisonment as follows:

> THE COURT:  On Count 4, the maximum exposure is *two and a half years* and [a] one thousand dollar fine, and you could lose your driver's license from six months to five years; do you understand that?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  On Count 5, [the] maximum penalty is [a] $10,000 fine, and *two years, nine months* in jail.  Do you understand that?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  And Count 6, [the] maximum is [a] $10,000 fine plus costs, and jail for two and a half --

imprisonment *two years and nine months*. Do you understand that?

THE DEFENDANT: Yes.

….

THE COURT: Okay. And, in terms of the incarceration, [*fifty-three*] *years six months*. Do you understand that that's the maximum, if all these run consecutive to each other; do you understand?

THE DEFENDANT: Yes, sir.

(Emphasis added.)[1] Walker was subsequently given a global sentence of eight years and six months of initial confinement and eight years of extended supervision, to be served consecutive to Walker's current revocation sentence.

¶5 Walker filed a postconviction motion requesting resentencing based on the circuit court's consideration of inaccurate information at the time of sentencing or, in the alternative, based on a new factor.[2] Walker then filed a supplemental postconviction motion requesting plea withdrawal on the basis that his plea colloquy was defective as a result of the circuit court's misstatement of the maximum penalties he faced. The circuit court denied his motion without a

---

[1] Walker also completed a plea questionnaire and waiver of rights form at the time of his plea hearing. The form correctly stated the maximum term of imprisonment for each count individually, not including any penalty enhancers. The form did not include a total term of imprisonment, and in reference to penalty enhancers, the form stated, "The term of imprisonment may increase up to 2 years with prior misdemeanor convictions, and up to 6 years with a prior felony conviction as per the Habitual Criminality Repeater statute on each count." The form did not calculate what the terms of imprisonment would be with the applicable enhancers.

[2] Walker states in his opening brief that he "does not renew his requests for resentencing or for sentence modification in this appeal" and does not address these requests further in his briefing. We consider these arguments abandoned and do not address them. *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 491-92, 588 N.W.2d 285 (Ct. App. 1998) ("[A]n issue raised in the trial court, but not raised on appeal, is deemed abandoned.").

4

hearing, finding, as is relevant here, that Walker failed to make a prima facie case for plea withdrawal, and this appeal followed.

## DISCUSSION

¶6      On appeal, Walker raises the sole issue of whether he is entitled to a hearing in accordance with ***State v. Bangert***, 131 Wis. 2d 246, 389 N.W.2d 12 (1986), to address his request for plea withdrawal based on the circuit court's misstatement during the plea colloquy regarding the maximum penalties he faced for his charges.[3]  Whether Walker is entitled to a ***Bangert*** hearing is a question of law that we review *de novo*.  *See **State v. Brown***, 2006 WI 100, ¶21, 293 Wis. 2d 594, 716 N.W.2d 906.

¶7      When a defendant requests plea withdrawal based on an alleged deficiency in the plea colloquy,

> [a] defendant is entitled to an evidentiary hearing on a motion to withdraw a guilty plea when (1) the defendant makes a prima facie showing that the circuit court's plea colloquy did not conform with [WIS. STAT.] § 971.08 or other procedures mandated at a plea hearing; and (2) the defendant alleges he did not know or understand the information that should have been provided at the plea hearing.

---

[3] In his appellate brief, Walker notes that the circuit court misstated the total amount of initial confinement time that he faced at the sentencing hearing—it stated that he faced forty-two years and six months of initial confinement when, in fact, he was only facing thirty-five years. However, Walker does not develop any argument on this issue and, as noted, he states that he does not renew his requests for resentencing or for sentence modification in this appeal.

Additionally, the State argues that Walker improperly asks to have his pleas withdrawn for all six counts.  We need not address this argument because we conclude that Walker has not shown he is entitled to a hearing.  *See **State v. Blalock***, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) ("[C]ases should be decided on the narrowest possible ground[.]").

*Id.*, ¶2. As is relevant here, before the circuit court accepts a defendant's plea, it is required to "[e]stablish the defendant's understanding of the nature of the crime with which he is charged and the range of punishments to which he is subjecting himself by entering a plea." *Id.*, ¶35; *see also* WIS. STAT. § 971.08(1)(a) (2019-20) (requiring a circuit court to "[a]ddress the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted").[4] Walker argues that the circuit court violated this duty when it misstated the maximum terms of imprisonment that he faced and thus his plea colloquy was deficient.

¶8      At the plea hearing, the circuit court informed Walker that he faced a maximum term of imprisonment of two years and six months on count four and two years and nine months on both counts five and six. The circuit court then informed Walker that he faced a total maximum term of "incarceration" of fifty-three years and six months. However, the correct maximum term of imprisonment for each of counts four through six would have been two years for each count, and the correct total maximum term of imprisonment would have been fifty-one years and six months.

¶9      Count four charged Walker with possession of THC. The relevant statute, *see* WIS. STAT. § 961.41(3g)(e), provides a maximum term of imprisonment of six months. Count five, resisting an officer, and count six, carrying a concealed weapon, are both classified as Class A misdemeanors that carry a maximum term of imprisonment not to exceed nine months. *See* WIS.

_____

[4] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

6

STAT. §§ 946.41(1), 941.23(2), 939.51(3)(a). The repeat offender enhancer applicable to counts four, five, and six states that the maximum term of imprisonment for these offenses "may be increased to not more than [two] years." *See* WIS. STAT. § 939.62(1)(a). The maximum term of imprisonment on these counts is, accordingly, two years and not two years and six months or two years and nine months, as the circuit court stated.

¶10 As to all of the counts, and considering all of the enhancers with which Walker was originally charged, Walker faced a total possible sentence of fifty-seven years and six months of imprisonment.[5] When the State agreed to dismiss the repeat offender enhancer for count one, Walker's total possible term of imprisonment was reduced by six years to fifty-one years and six months. *See* WIS. STAT. § 939.62(1)(c). The difference between the fifty-three years and six months that the circuit court told Walker and the actual punishment authorized by law—fifty-one years and six months—amounts to an overstatement of Walker's punishment by two years.

¶11 Despite the circuit court's misstatement about Walker's maximum terms of imprisonment, "where a defendant is told that he faces a maximum possible sentence that is higher, but not substantially higher, than that authorized

---

[5] On count one, first-degree recklessly endangering safety as a repeat offender and with use of a dangerous weapon, Walker faced a maximum of twenty-three years and six months of imprisonment. *See* WIS. STAT. §§ 941.30(1), 939.50(3)(f), 939.62(1)(c), 939.63(1)(b). After the State dismissed the repeat offender enhancer, Walker faced a maximum of seventeen years and six months of imprisonment. *See* § 939.62(1)(c) (increasing the maximum term of imprisonment by six years for repeat offenders). As to counts two and three, possession of a firearm by a felon as a repeat offender, Walker faced a maximum term of imprisonment of fourteen years for each count. *See* WIS. STAT. §§ 941.29(1m)(a), 939.50(3)(g), 939.62(1)(b). Walker states that "the court correctly recited the maximum possible penalties" on counts one, two, and three and does not argue that he was misinformed of the maximum term of imprisonment on these counts.

by law, the circuit court has not violated the plea colloquy requirements[.]" ***State v. Cross***, 2010 WI 70, ¶4, 326 Wis. 2d 492, 786 N.W.2d 64. "In other words, where a defendant pleads guilty with the understanding that he faces a higher, but not substantially higher, sentence than the law allows, the circuit court has still fulfilled its duty to inform the defendant of the range of punishments." ***Id.***

¶12 Walker argues that ***Cross*** does not control this case because it involved a plea to a single count whereas this case involves six counts. Citing WIS. STAT. § 971.08(1), Walker then argues that in "multiple count cases the plea-taking court inquires about each count—it advises the defendant about the nature of each count; … it determines the defendant's understanding of the elements of each count—so, too, it determines the defendant's understanding of his potential punishment as to each count."[6]

¶13 Walker then argues that we must examine each count individually when we determine whether the difference in the punishment as stated by the circuit court and the punishment as authorized by law is substantial. In other words, he argues that we must look at the difference between the two years and six months and two years and nine months communicated to him as the maximum terms of imprisonment on counts four, five, and six in comparison with the actual two-year maximum authorized by law for each of those counts. We do not agree with Walker's argument. The language of WIS. STAT. § 971.08(1) does not address this issue, and we will not add language to the statute. *See **State v. Kozel**,*

---

[6] As is relevant here, WIS. STAT. § 971.08(1)(a) provides that the court shall "[a]ddress the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted."

2017 WI 3, ¶39, 373 Wis. 2d 1, 889 N.W.2d 423 ("We will not read into the statute a limitation the plain language does not evidence." (citation omitted)).

¶14      In *Cross*, our supreme court addressed a similar situation where the circuit court overstated the maximum period of imprisonment authorized by law and examined whether any difference between the punishment as told to the defendant and the punishment authorized by law in terms of the "potential maximum punishment" was substantial.  *Id.*, 326 Wis. 2d 492, ¶41.  In *Cross*, the circuit court misrepresented that the maximum period of imprisonment Cross was facing at sentencing was forty years when in fact the maximum period of imprisonment was only thirty years—a thirty-three percent increase.  *Id.*, ¶11.  The supreme count concluded that "a defendant can be said to understand the range of punishments as required by [WIS. STAT.] § 971.08 and *Bangert* when the maximum sentence communicated to the defendant is higher, but not substantially higher, than the actual allowable sentence."  *Cross*, 326 Wis. 2d 492, ¶38.  It then concluded that "Cross pled guilty under the belief that he faced a higher, but not substantially higher, maximum penalty.  We hold that as a matter of law, Cross's plea was, therefore, made knowingly, voluntarily, and intelligently."  *Id.*, ¶46.

¶15      In this case, there is no dispute that Walker was told that he faced a higher sentence than that authorized by law, but we conclude that it was not substantially higher such that Walker has established a defect in the plea colloquy for which he is entitled to a hearing.  In fulfilling its duties during the plea colloquy, the critical issue was that the circuit court determined that Walker understood the range of punishments to which he was subject, *see id.*, ¶38, and given that the difference here between the punishment as communicated and the punishment as authorized by law amounts to two years—a difference of 3.9%— we conclude that the circuit court fulfilled its responsibility to determine that

Walker understood the range of punishment he faced, *see id.*, ¶41 (concluding that a ten-year, or thirty-three percent, difference was not substantial). We conclude that a two-year, or 3.9%, difference in the punishment as communicated to Walker and as authorized by law is an "insubstantial difference[] in possible punishments." *See id.*, ¶31.

¶16    Walker additionally argues that in explaining the maximum global sentence that he faced, the circuit court incorrectly told him that he faced eighteen years and six months more initial confinement than the statutory maximum—thirty-five years—when it told him that he faced "in terms of incarceration, fifty-three years and six months." He asserts that was a substantial misstatement of his actual total "initial confinement" time by approximately 52.8%. He argues that, pursuant to *State v. Finley*, 2016 WI 63, 370 Wis. 2d 402, 882 N.W.2d 761, "incarceration" could refer to the total term of imprisonment or the total term of initial confinement, and the ambiguity in the circuit court's choice of words resulted in Walker receiving the impression that he faced a maximum term of initial confinement of fifty-three years, when the maximum authorized by law was thirty-five years. We are not persuaded by his argument.

¶17    The court in *Finley* addressed the remedy afforded to a defendant who was told by the circuit court that he faced nineteen years and six months of confinement, instead of twenty-three years and six months of imprisonment. *Id.*, ¶¶8-9. The court noted that the terms "confinement" and "imprisonment" were used interchangeably during the plea colloquy but these words embody two separate legal concepts. *Id.*, ¶29. That is not what the circuit court did in Walker's case. It used the term "incarceration" once after describing the maximum period of imprisonment for each count and stated the maximum initial

10

confinement and extended supervision for each count. It then stated, "[T]hat's the maximum, if all these run consecutive to each other."

¶18 In *State v. Brown*, 2006 WI 100, ¶78, 293 Wis. 2d 594, 716 N.W.2d 906, the court stated that "the better practice is to advise a defendant of the cumulative maximum sentence he could receive from consecutive sentences[.]" We conclude that that is what the circuit did here—it told Walker, "[T]hat's the maximum, if all these run consecutive to each other." Thus, we reject Walker's argument that we must compare the maximum of thirty-five years of initial confinement to the circuit court's statement that Walker faced fifty-three years of incarceration in determining whether the misstatement was substantial. Rather, we conclude that the proper comparison is the fifty-three years and six months to the fifty-one years and six months because this was the information that the circuit court was required to tell Walker as a part the plea colloquy.

¶19 Walker further argues that this case is unlike *Cross*, where our supreme court noted that Cross received a highly favorable plea agreement, which significantly reduced his maximum exposure. He notes that here he entered pleas to each count as charged, except that during the plea hearing the State agreed to dismiss the habitual criminality penalty enhancer for count one which only reduced his maximum sentence from fifty-seven years and six months to fifty-one years and six months. However, Walker fails to mention that, although he was facing a maximum period of initial confinement of thirty-five years, based on the plea agreement the State agreed to recommend that he only be sentenced to seven years of initial confinement, which is substantially less than the maximum amount that he faced. Walker also fails to mention that the circuit court sentenced him to a global sentence of eight years and six months of initial confinement and eight years of extended supervision, to be served consecutive to Walker's current

11

revocation sentence. Thus, we conclude that the *Cross* analysis controls where, as in this case, a defendant is charged with multiple counts.

## CONCLUSION

¶20 In sum, Walker failed to show that he is entitled to a ***Bangert*** hearing. We conclude that the difference between the punishment as communicated by the circuit court during Walker's plea colloquy and the punishment as authorized by law is not substantial under *Cross* and, therefore, there is no defect in the plea hearing that would warrant a ***Bangert*** hearing. We affirm the judgment of conviction and the circuit court's order denying Walker's postconviction motion for plea withdrawal without a hearing.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.